UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-CR-60281-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WALLACE THORNTON,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Wallace Thornton's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). [ECF No. 55]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

Defendant is currently incarcerated at the Federal Correctional Institution, Allenwood ("FCI Allenwood") and has a projected release date of July 14, 2022. On March 18, 2008, Defendant pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [ECF No. 36]. On June 17, 2008, the Court sentenced Defendant to a 204-month term of imprisonment and a 5-year term of supervised release. [ECF No. 41]. To date, Defendant has served almost 13 years of his 17-year term.

Defendant now files the instant motion asking the Court to grant him compassionate relief and modify his sentence of imprisonment to home confinement for the balance of time remaining, followed by the original five-year supervised release period. Defendant alleges that, in light of the

COVID-19 pandemic, his health issues constitute extraordinary and compelling circumstances that warrant compassionate release. Defendant's alleged medical conditions include high blood pressure, diabetes, Crohn's disease, immunocompromised deficiency, sleep apnea, and a neurological disorder. [ECF No. 55]. Defendant also alleges that he uses a CPAP machine. *Id.*

On July 7, 2020, Defendant filed a request for compassionate release with the Warden of FCI Allenwood. *Id.* On July 15, 2020, the Warden denied Defendant's request. *Id.* On August 27, 2020, Defendant wrote a second letter to the Warden relaying his health issues and asking the Warden to file a motion in the district court for his compassionate release. [ECF No. 68-2].

## II.     LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with the applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the

community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) sentencing factors support Defendant's release; (3) extraordinary and compelling reasons warrant the Defendant's request; and (4) the Defendant is not a danger to the safety of other persons or the community. The burden lies with the Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

## III.   DISCUSSION

The Court denies Defendant's Motion because (1) the § 3553 sentencing factors do not support a modification to his sentence and (2) he is a danger to the safety of other persons and to the community.[1]

### A.   Exhaustion of Administrative Remedies

Defendant filed his first request for compassionate release with the Warden of FCI on July 7, 2020, and that request was denied. Defendant filed his second request on August 27, 2020, to which the record does not reflect a response. The Court finds that, based on his two requests to the Warden, Defendant has exhausted his administrative remedies as required by the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.   Section 3553(a) Factors

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," when considering a sentence of imprisonment. 18 U.S.C. § 3553(a). The Court must

---

[1] Except for diabetes, Defendant's medical records confirm that he suffers from the other medical conditions alleged in his Motion. However, those conditions do not outweigh the § 3553 sentencing factors.

consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

The Court, considering these § 3553(a) factors at the time of sentencing, concluded that a term of 17-years' imprisonment and 5-years' supervised release was appropriate in this case. Defendant has not provided a new and convincing basis—aside from his alleged medical conditions—supporting a modification to the imposed sentence based upon § 3553(a) factors. *See United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 2526501, at *4 (S.D. Fla. May 17, 2020), *appeal filed*, No. 20-12017 (11th Cir. Jun. 1, 2020) (holding defendant's medical condition and the COVID-19 outbreak—the only basis for defendant's motion not considered by the court at the time of sentencing—did not warrant a sentence modification supported by § 3553(a) factors); *see also United States v. Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing," and the imposed sentence was appropriate). The Court thus finds that the factors outlined in 18 U.S.C § 3553(a) do not support a modification of Defendant's sentence.

### C.     Danger to the Community

The Court also finds that Defendant is a danger to the safety of other persons and to the community. In making this determination, the Court considered: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and

characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

Defendant was sentenced as an armed career criminal based on his lengthy criminal record. Defendant's criminal history includes felony convictions for aggravated battery with a firearm, robbery with a firearm or deadly weapon, shooting at an occupied motor vehicle, cocaine delivery, burglary of a dwelling, and aggravated assault. *See* [ECF No. 33].[2] In light of Defendant's status as an armed career criminal and his history of violent crimes, the Court finds that Defendant remains a danger to the community such that compassionate release is not warranted.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release [ECF No. 55] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Monday, February 08, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's full criminal history is detailed in his Presentence Investigation Report.